57 CCPA

**Application of Theodore J. COLLIER.**

**Patent Appeal No. 8324.**

United States Court of Customs and Patent Appeals.

June 18, 1970.

Herman Hersh, Chicago, Ill. (McDougall, Hersh, Scott & Ladd, Chicago, Ill.), attorney of record, for appellant. Staelin & Overman, George A. Degnan, of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents, Fred W. Sherling, Washington, D. C., of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN and LANE, Judges, and FISHER, Chief Judge, Eastern District of Texas, sitting by designation.

LANE, Judge.

This appeal is from the decision of the Patent Office Board of Appeals, which affirmed the rejection of claims 2, 5 and 7, all the claims in appellant's application serial No. 105,540, filed April 26, 1961, for "Treated Glass Fibers and Methods for Treating Glass Fibers to Improve the Bonding Relation with Epoxy Resins." We affirm the board's decision.

As suggested by the title, appellant's invention is addressed to the problem of bonding between glass fibers and epoxy resins. The specification, which is identical with that of a parent application [1] filed December 8, 1954, discloses the use of certain "anchoring agents" for this purpose, including amino silanes and also organo silanes in which an organic group attached to the silicon atom contains an epoxy group. The claims before us specifically recite the latter type of anchoring agent, which we shall call epoxy silanes. The examiner rejected the claims as being based on insufficient disclosure, under the first paragraph of 35 U.S.C. § 112. Several alleged insufficiencies were set forth by the examiner, of which our decision requires consideration of only one: That the specification lacks a teaching of how to make the epoxy silane starting material. As to this ground the board agreed with the examiner, stating:

No method of making epoxy silanes is disclosed in the specification. None of the references mentioned by appellant in the first two paragraphs of page 16 of the brief show production of epoxy silanes. All of the methods there shown would, as appellant states, require modification. It would appear that material modification of these references which would be required could meet with difficulty in carrying out the processes and that more than ordinary skill in the art would be required to produce the epoxy silanes.

The board also applied, under Rule 196 (b), a new rejection under 35 U.S.C. § 103, based on a patent to Plueddemann.[2] Appellant returned to the examiner and sought to overcome the Plueddemann reference by reliance on the parent application mentioned above, which had a filing date earlier than Plueddemann's. The examiner again rejected the claims, this time under both § 112 for the reasons given earlier and under § 103 based on Plueddemann. The latter rejection was based on the examiner's finding that appellant's parent application did not contain a disclosure sufficient under 35 U.S.C. § 112 as to the invention now claimed, and hence could not be used to overcome Plueddemann. Specifically, the examiner mentioned the failure of the parent application to disclose a method of making epoxy silanes. The board again affirmed, for the reasons previously given and those stated by the examiner.

Upon the record before us, we must agree with the examiner and the board that both the specification of the instant application and the specification of the parent application are insufficient to enable one of ordinary skill in the art to make and use the claimed invention, as required by the first paragraph of 35 U.S.C. § 112. Appellant argues that

the art relating to the preparation of such organo silicon compounds has become so well established and so well known that one skilled in the art would have [no?] difficulty in preparing such compounds with any desired groupings in the organic group attached to the silicon atom.

---

1. Serial No. 474,007.

2. U.S. patent 2,946,701, filed Nov. 12, 1957, issued July 26, 1960.

Appellant's use of the words "has become" raises the intriguing question of the effect, if any, of a parent application the disclosure of which was insufficient when filed but which, due to changes in the knowledge of the art, became sufficient at some later date. The board, in its second opinion, recognized this "possible distinction" but found that it "does not aid appellant." We agree. There is nothing in the record before us to indicate that at any time prior to the issuance of Plueddemann one of ordinary skill in the art would know how to make epoxy silanes of the type recited in the claims, and appellant has referred us to nothing from which we could take judicial notice of that fact. Appellant apparently cited references to the examiner and the board on this point, but chose neither to include them in the record before us nor to cite them in his brief. Appellant did not appear at oral argument. We are unwilling to find error in the expressly set-forth position of the examiner and the board, based on mere assertions of appellant to the contrary.

Appellant calls attention to the issuance of the parent application as a patent, contending that the Patent Office found the parent specification sufficient as to the *amino* silanes recited in the patent claims. The parent application is included in the record before us, but the patent allegedly issued thereon is not. Moreover, a patent with claims reciting amino silanes cannot be presumed to have a disclosure sufficient to teach the making of epoxy silanes, nor does the issuance of such a patent give rise to a presumption that the making of epoxy silanes is within the ordinary skill of the art.

We conclude that appellant has failed to show, by the record before us, that either the instant application or the parent application contains sufficient disclosure of how to make epoxy silanes of the type recited in the claims; he has also failed to show that the making of such silanes was or is within the knowledge of one of ordinary skill in the art. Our conclusion renders it unnecessary to consider the § 103 rejection or the other bases of the examiner and the board for the § 112 rejection.

The decision of the board is affirmed.

Affirmed.